UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BOHDAN GEORGE SENIW,
   *Plaintiff,*

   v.

JOHN W. CANNAVINO, JR., et al.,
   *Defendants.*

No. 3:20-cv-01405 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Bohdan George Seniw ("Plaintiff") has filed a lawsuit bringing products liability, personal injury, medical malpractice, assault, perjury, libel, slander, mail fraud, and racketeering claims against Katia Lee Bagwell, Dawn G. Rice, Edward C. Rice, the United Services Automobile Association ("USAA"), John W. Cannavino, Jr., Ryan Ryan Deluca LLP, Charles A. Deluca, Daniel E. Ryan, III, and Michael T. Ryan (collectively, "Defendants"), as well as two unknown defendants.[1] *See* Compl., ECF No. 1 (Sept. 16, 2020); *see also* Am. Compl., ECF No. 8 (Nov. 16, 2020) ("Am. Compl.").

Defendants have filed a motion to dismiss all of Mr. Seniw's claims. *See* Mot. to Dismiss, ECF No. 10 (Nov. 20, 2020) ("Mot.").

For the reasons stated below, Defendants' motion to dismiss is **GRANTED** with prejudice.

---

[1] Mr. Seniw has since removed the unknown defendants from this lawsuit. Mot. to Correct, ECF No. 18 (Dec. 11, 2020).

1

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

   **A. Factual Allegations**

On July 3, 2018,[2] Mr. Seniw allegedly had a motor vehicle accident and sustained a "traumatic brain injury." *See* Am. Compl. 15-16. After the accident, Mr. Seniw allegedly received a "Claim Settlement" by USAA. *Id.* at 12.

On June 19, 2020, Mr. Seniw allegedly learned that "[he would] have to file a lawsuit" if he wished to dispute the settlement offered by USAA. *Id.* at 17-18. On the same day, Mr. Seniw allegedly received a "Claim Settlement," which offered him $10,000 with the warning that "[the] statute of limitations for Connecticut is two (2) years." *Id.* at 18. The letter specified that USAA would need to "have all [of Mr. Seniw's] medical records in order to evaluate and settle [the claim] by June 26, 2020." *Id.* Mr. Seniw allegedly also learned by phone, from a USAA representative, that he needed to file a lawsuit. *Id.* at 17.

Mr. Seniw eventually filed this lawsuit. *See id.*

   **B. Procedural History**

On September 16, 2020, Mr. Seniw filed his *pro se* Complaint against Defendants. Compl.

On November 16, 2020, Mr. Seniw filed an Amended Complaint. Am. Compl.

On November 20, 2020, Defendants filed a motion to dismiss the Amended Complaint. Mot.; Mem. of L. in Supp. of Mot. to Dismiss, ECF No. 10-1 (Nov. 20, 2020) ("Defs.' Mem.").

---

[2] The Court takes judicial notice of a separately filed action containing a more fulsome record of the underlying events of this suit, a three-car motor vehicle accident. *Seniw v. Bagewell*, No. 3:20-cv-00881-VAB, ECF No. 1 at 2-3 (D. Conn. June 24, 2020). *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (The Court may "take judicial notice of relevant matters of public record."); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (Complaints filed by *pro se* plaintiffs, "must be construed liberally and interpreted to raise the strongest arguments that they suggest.").

On December 11, 2020, Mr. Seniw filed motions to correct the Electronic Summons to remove defendants John Doe and Jane Doe. Mot. to Correct, ECF. No. 18 (Dec. 11, 2020); 2d Mot. to Correct, ECF No. 19 (Dec. 11, 2020).

On December 15, 2020, Mr. Seniw filed motions requesting that the Federal Bureau of Investigation locate a package mailed to Defendants. Mots. for Certified Mail, ECF Nos. 20, 21 (Dec. 15, 2020).

On January 6, 2021 Mr. Seniw filed a motion to change venue. Mot. to Change Venue, ECF No. 27 (Jan. 6, 2021).

## II.     STANDARD OF REVIEW

### A.  Rule 12(b)(1)

Federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation mark omitted). "Congress has granted district courts original jurisdiction over . . . certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). The burden of persuasion for establishing diversity jurisdiction rests on the party asserting it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *see also Herrick Co. Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (the party asserting diversity jurisdiction "bears the burden of demonstrating that the grounds for diversity exists and that diversity is complete"). The party invoking the court's jurisdiction must support allegations of complete diversity with "competent proof." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "Only where it 'appear[s] to a legal certainty that the claim is

really less than the jurisdictional amount' can the court dismiss an action for lack of subject matter jurisdiction." *Fallstrom v. L.K. Comstock & Co.*, No. 3:99-CV-952 (AHN), 1999 WL 608835, at *1 (D. Conn. July 13, 1999) (quoting *Saint Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288–89 (1938)).

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). "When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The court also may resolve disputed jurisdictional fact issues, however, "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

**B. Rule 12(b)(6)**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), a court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. A court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.")).

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court also may consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III. DISCUSSION

Defendants argue that this Court lacks jurisdiction over Mr. Seniw's claims. The Court first addresses this jurisdictional issue, before addressing Mr. Seniw's claims and the other pending motions in this case.

#### A. Subject Matter Jurisdiction

##### 1. Complete Diversity

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity between all parties is required for a federal court to exercise diversity jurisdiction over a matter. *E.R. Squibbs & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998).

"For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). An individual person may generally only have one domicile: an individual's "true, fixed[,] and permanent home and place of habitation," defined as "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). The Court evaluates the parties' domiciles at the moment that a plaintiff filed the complaint. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) ("[I]t must be determined whether at the time the present action was commenced there was diversity jurisdiction.").

Defendants argue that because "[Mr.] Seniw is a citizen of Connecticut" and Defendants "[Ms.] Bagwell and [Mr. and Mrs.] Rice[] are also citizens of Connecticut," Defs.' Mem. at 5,

this Court lacks subject matter jurisdiction over this case. Mr. Seniw has not responded to this argument. The Court agrees with Defendants.

In the absence of complete diversity, this Court is unable to assert diversity jurisdiction over this dispute. *See Pa. Pub. Sch. Emps' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014) ("Subject matter jurisdiction based on 28 U.S.C. § 1332 . . . requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants.").

Accordingly, the Court lacks jurisdiction over this case.

### 2. Federal question jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). To invoke federal question jurisdiction, claims must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Defendants argue that Mr. Seniw "does not allege any facts that could even plausibly give rise to a cause of action that would implicate a federal question." Defs.' Mem. at 5.

The Court agrees.

Mr. Seniw's Amended Complaint seeks relief under theories of products liability, personal injury, medical malpractice grounds, libel, and slander, *see* Am. Compl., all claims arising under state laws. *See* Conn. Gen. Stat. § 52-572n (detailing product liability claims); *id.* §

7

52-184c(a) (detailing when a plaintiff can sue for medical malpractice); *id*. § 52-572h (detailing damages for negligence claims, including personal injuries); *id*. § 52-237 (detailing damages permitted in actions for libel); *id*. § 52-597 (detailing the statute of limitations for slander and libel). The Court does not have jurisdiction over these claims. CITE?

Mr. Seniw, does however, mention two claims arising under federal law: mail fraud under 18 U.S.C. § 1341, *see* Am. Compl. at 6, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § 1962, *id.* at 10. To the extent that Mr. Seniw wishes to bring criminal charges under mail fraud or RICO, these claims must be dismissed. *See Townsend v. Dordofsky*, No. 1:13-CV-1603 MAD/ATB, 2014 WL 1572884, at *6 (N.D.N.Y. Apr. 18, 2014) ("[P]laintiff cannot bring a civil action to enforce criminal statutes, even if plaintiff brought the action in the proper venue.") (citing *Leeke v. Timmerman,* 454 U.S. 83, 85 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or nonproscution of another)); *see also Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994) (criminal statutes do not provide private causes of action).[3]

If the Court is to construe Mr. Seniw's RICO claim to be that for civil remedies under 18 U.S.C.A. § 1964, the claim still must be denied. "To establish a RICO claim, a plaintiff must show: (1) a violation of . . . 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013)). In order "[t]o establish such a violation [of § 1962], a plaintiff must show[:] (1) conduct (2) of an enterprise (3)

---

[3] Mr. Seniw also lists "assault" as one of his claims but, as discussed, he is unable to bring a criminal charge against Defendants, and any civil remedy for such a charge would constitute a violation of Connecticut common law, over which this Court does not have jurisdiction. *See Rogers v. City of New Britain*, 189 F. Supp. 3d 345, 356 (D. Conn. 2016) (defining and discussing the common law tort of "civil assault").

8

through a pattern (4) of racketeering activity." *Id.* (internal quotation marks omitted) (quoting *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001)). In *Bridge v. Phoenix Bond & Indemnity. Company*, the Supreme Court found the "scope of RICO's private right of action . . . makes it unlawful for any person to conspire to violate RICO's criminal prohibitions." 553 U.S. 639, 650 (2008) (internal quotation marks omitted).

In *Bridge*, the Court also found that mail fraud can serve as an element of civil RICO. *Id.* at 653. "Mail fraud . . . occurs whenever a person, having devised or intending to devise any scheme or artifice to defraud uses the mail for the purpose of executing such scheme or artifice or attempting so to do." *Id.* at 647 (internal quotation marks omitted) (quoting 18 U.S.C. § 1341). "Mail fraud requires proof of (1) the existence of a scheme or fraud, (2) an intent to deceive or defraud, and (3) the use of the mails for the purpose of scheming and/or defrauding[.]" *Leshinsky v. Telvent GIT, S.A.*, 942 F. Supp. 2d 432, 444 (S.D.N.Y. 2013).

Mr. Seniw argues that Defendants committed mail fraud, because a letter sent to him and labeled "confidential," was delivered in an unsealed envelope." *See* Am. Compl. at 2, 5-6. This alleged occurrence, however, does not provide the requisite "proof [or plausibility] that Defendants contemplated some actual harm or injury to their victims." *Leshinsky*, 942 F. Supp. 2d at 445. Aside from the alleged mail fraud, Mr. Seniw has offered no further support of a "pattern" of behavior or any of the other elements necessary to show the existence of a RICO violation.

As the Supreme Court has made clear,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

9

*Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). While Mr. Seniw uses the terms "mail fraud" and "Racketeer Influenced and Corrupt Organizations," Am. Compl. at 6, 8, his Amended Complaint lacks any information demonstrating that these claims are plausible.

Consequently, even reading Mr. Seniw's filings "liberally . . . to raise the strongest argument they may suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017), as required in this Circuit when analyzing *pro se* filings, *id.*, the Court cannot identify any plausible basis for federal question or diversity jurisdiction here. "[E]ven a *pro se* complaint must ultimately meet this threshold plausibility requirement—that is, to allege facts that state a claim for relief that is plausible on its face." *Lapaglia v. Transam. Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016) (citing *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015)). As a result, this case will be dismissed for lack of a federal question. Without a federal question or complete diversity, quite simply, this Court cannot adjudicate this matter.

Accordingly, this case will be dismissed for lack of subject matter jurisdiction.

### A. LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S.

178, 182 (1962); *see also Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)").

It is well established that in federal court a plaintiff "must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof if a party opposing jurisdiction properly challenges those allegations, or if the court *sua sponte* raises the question." *Linardos*, 157 F.3d at 947 (internal citations and quotation marks omitted).

Mr. Seniw has failed to meet his burden in demonstrating that the parties are diverse. *See Herrick Co.*, 251 F.3d at 324 (2d Cir. 2001) ("[T]he burden of establishing diversity remains with [the plaintiff]" and "failure [to do so] is fatal" to the complaint.). Similarly, Mr. Seniw has not shown the plausibility of any of his claims arising under federal law.

For the reasons stated above, Mr. Seniw's alleged civil RICO claim, one premised on a single instance of allegedly receiving opened mail marked confidential, is not plausible. And even if this single instance could constitute the pattern required by the law – the Court has identified no caselaw suggesting that it could – Mr. Seniw nevertheless lacks the standing to bring a viable civil RICO claim against USAA, the alleged sender of this mail, an entity that insured not Mr. Seniw, but his alleged tortfeasors from the car accident, Ms. Bagwell and the Rices. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (delineating the three minimum elements of standing, which includes that "the plaintiff must have suffered an 'injury in fact – an invasion of a legally protected interest which is . . . concrete and particularized . . . .'") (citations omitted). In other words, Mr. Seniw has not plausibly alleged, nor can he, a "legally protectable interest" in receiving unopened mail from USAA, an entity without any viable legal

11

relationship to him directly. *See id.* (requiring that even an injury of a "legally protected interest" must be "concrete and particularized," but also "actual and imminent, not 'conjectural' or 'hypothetical'"); *see also id.* at 560-61 (identifying the other two elements of standing as "a causal connection between the injury and the conduct complained of" and it "must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (citations and internal quotation marks omitted).

Consequently, "[b]ecause the underlying action does not arise 'under the Constitution, laws, or treaties of the United States,' [Plaintiff] cannot invoke the federal question jurisdiction of this Court." *Benchmark Mun. Tax Lien Servs., Ltd. v. Lewis*, No. 3:19-CV-1096 (VAB), 2020 WL 2300217, at *3 (D. Conn. May 8, 2020) (quoting 28 U.S.C. § 1331) (slip op.). Therefore, this Court will lack jurisdiction over this case, even if Mr. Seniw were to file an amended complaint. *See Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) ("One good reason to deny leave to amend is when such leave would be futile.").

Accordingly, Mr. Seniw's Complaint will be dismissed without leave to amend it.

## IV. CONCLUSION

For the reasons stated below, Defendants' motion to dismiss is **GRANTED** with prejudice.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 14th day of May, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE